UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80182-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RIGOBERTO MARTINEZ-FLORES

    Defendant.
_____/

## SENTENCING MEMORANDUM AND OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Mr. Martinez-Flores requests a sentence of 14 months in this illegal reentry case. He does not dispute probation's calculation of that range, 8-14 months, and submits a sentence within that range is sufficient, but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553. In support, he states:

    I.    The guideline range adequately accounts for Mr. Martinez-Flores's prior illegal reentry conviction and his prior, non-criminal deportations.

This Court should not vary or depart upward from the guideline range because of Mr. Martinez-Flores's prior conviction for illegal reentry. His guideline range twice accounts for that conviction as he received a 4-level increase to his offense level, [PSR ¶ 16], and 3 criminal history points [PSR ¶ 31] because of it. As a result, his guideline range is 8-14 months rather than the 0-6 months it would have been without these increases. [PSR ¶ 32]. An upward variance is unnecessary to account for this prior conviction.

1

Nor should this Court consider Martinez-Flores's prior, non-criminal, deportations as justification to upwardly vary or depart. In 2016, the Sentencing Commission amended section 2L1.2 to account for prior illegal reentry convictions. Notice of submission to Congress of amendments to the sentencing guidelines effective November 1, 2016, 81 Fed. Reg. 27,261 – 27,281 (May 5, 2016) (revising U.S.S.G. 2L2.1 (U.S. Sentencing Comm'n. 2015)); *see also*, U.S. Sentencing Comm'n., *Report on Illegal Reentry Offenses* 14-15 (2015). In creating the simplified offense-specific adjustment, the Commission acknowledged both commentary from courts, and its own data showing "the average illegal reentry defendant [had] been removed from the United States 3.2 times" and more than a third of those defendants also had a previous reentry conviction. *Id*. Thus, the Commission contemplated defendants sentence under this guideline would have multiple prior deportations not otherwise accounted for in the guideline calculation.

II. Most illegal reentry defendants do not receive upward variances.

Upward variances and departures in illegal reentry cases are rare. Of the 119,028 defendants sentenced under section 2L1.2 between 2015 and 2021, only 2,269 received an above-guideline sentence. United States Sentencing Commission, *Sentences Relative to Guideline Range*, INTERACTIVE DATA ANALYZER, http://ida.ussc.gov/analytics/saw.dll?Dashboard (from the top ribbon menu, select "Guideline Application" hyperlink, and under the "Primary Guideline" filter select § 2L1.2 (for local statistics, under the "Geography" filter also select as District "Florida, Southern"), and scroll to the Sentences Imposed Relative to Guideline Range data

2

table for raw numbers and percentages). Even accounting for Mr. Martinez-Flores's category II criminal history, the percentage of above-guideline sentences remains the same – approximately 1.9%. *Id.* (still using the same table with the 2L1.2 Primary Guideline filter, select Category II under the "Criminal History" filter.").

    III.    Mr. Martinez-Flores personal history and characteristics also warrant a within-guidelines sentence.

Mr. Martinez-Flores was born in Honduras in the poorest of socio-economic conditions. [PSR ¶ 41]. Growing up, he lived in a hut with sand for floors and no running water. [PSR ¶ 41]. His family often went without food or electricity, particularly after a gang murdered his father because he refused to pay them their extortion fees. [PSR ¶ 41]. Like so many immigrants, Mr. Martinez-Flores came here for a better life and found one. He has two adult children and one 10-month old son. And while he has had some troubles with the law, his last criminal conviction was more than 12 years ago.

    IV.    The Government agrees with the 14-month sentencing recommendation.

Undersigned counsel has discussed this case with AUSA Rinku Tribuiani and she advised the government will jointly recommend a sentence at the high end of the advisory guideline range, that being, 14 months. The government will make that recommendation for reasons different than those contained in this memorandum.

    V.    PSR Objections

Mr. Martinez-Flores objects to paragraph 37 and denies the factual allegations therein. He also notes typographical errors on page 3 (indicating Mr. Martinez-Flores

is United States Citizen – he is not) and in paragraph 5 (indicating he was ordered deported on September 16, 1994 and then deported three months *earlier* on June 22, 1994). These objections do not affect the guideline calculation.

## Conclusion

In short, Mr. Martinez-Flores's case is mine-run and should be treated as such. The guidelines account for his history – both criminal and otherwise. His story is similar to the thousands of illegal immigrants processed through our criminal justice system every year. There is simply no reason to treat him differently than the average defendant in his situation.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

*s/Scott Berry*
Scott Berry, B.C.S.
Assistant Federal Public Defender
Attorney for Defendant
Bar Number: 0525561
450 South Australian Avenue
Suite 500
West Palm Beach, Florida 33401
Phone:  (561) 833-6288
Fax:  (561) 833-0368
Email:  *scott_berry@fd.org*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on March 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/Scott Berry*
Scott Berry